UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>HILLARD HATHAWAY, )<br>)<br>Defendant. ) | NO. 2:19CR58-PPS |

**OPINION AND ORDER**

Hillard Hathaway pled guilty to one count of distribution of cocaine. On October 22, 2020, I sentenced Hathaway to a prison term of 18 months to be followed by a two-year term of supervised release. [DE 107, 109.] Hathaway was out of prison by April 18, 2022, when his supervising probation officer filed a petition for the issuance of a warrant, initiating proceedings for revocation of Hathaway's supervised release. [DE 111.] The petition charged that Hathaway had violated the mandatory condition prohibiting commission of any crime, and a discretionary condition requiring notice to the probation officer within 72 hours of being arrested or questioned by law enforcement. [*Id*.] The underlying facts involved Hathaway being charged in Lake County Superior Court with two counts of Domestic Battery Resulting in Serious Bodily Injury and a third count of Domestic Battery Resulting in Moderate Bodily Injury. [*Id*.]

At a July 1, 2022 hearing, Judge Andrew P. Rodovich found probable cause to support the revocation petition. [DE 120.] At the request of both parties, the final revocation hearing was deferred pending the disposition of the state charges. [*Id*.]

Judge Rodovich granted an appearance bond of $20,000 and ordered electronic monitoring/home detention. [*Id*.] The bond was entered on July 7. [DE 122.] Hathaway's Lake County charges remain pending, with trial currently set for early December. [DE 130 at 2.][1] Hathaway's term of supervised release was scheduled to expire on October 29, 2022. [DE 129 at 1.] Because no final revocation hearing has been held, Hathaway has filed a motion to clarify the status of his supervised release, the bond, and the revocation petition. [DE 127.] Both the probation office and the government have filed responses.

> The principal question is definitively answered by 18 U.S.C. §3583(i):
>
> **Delayed revocation.**–The power of the court to revoke a term of supervised release for violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment and, subject to the limitations in subsection (h), a further term of supervised release, extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation.

Because an arrest warrant on the revocation was issued on April 18, 2022, §3583(i) authorizes continued proceedings on the revocation, as well as the ordinary range of consequences if Hathaway is found to have violated supervised release conditions, so long as the proceedings occur in a "reasonably necessary" period of time. There is no time limit that would prescribe a date certain after which the final revocation hearing

---

[1] A local newspaper reports that the defense has this week obtained a continuance of the trial setting to December 5, 2022. *See* https://www.nwitimes.com/news/local/crime-and-courts/judge-grants-short-continuance-for-man-charged-in-domestic-battery-murder-cases/article_f45abb24-3a93-5e9c-b833-83395c5da9f3.html.

cannot occur. With only a matter of months having yet elapsed, and considering that the delay in the final hearing is at the request of the defense as well as the government, there has been no unreasonable delay to this point. So the status of Hathaway's revocation petition is that it remains pending against him.

What is the status of Hathaway's original term of supervised release? Both the probation office and the prosecutor agree that it ended on October 29, 2022. [DE 129 at 1; DE 130 at 2-3.] Section 3583(i) doesn't teach anything to the contrary since it speaks in terms of what can occur "*beyond the expiration of* the term of supervised release" (emphasis added).

This leaves the question of what conditions continue to apply to Hathaway. He is still released on bond pending a final revocation hearing. At the probable cause and detention hearing, Judge Rodovich granted a bond and the docket entry lists the conditions applicable to the bond: "$20,000 Appearance Bond to include electronic monitoring/home detention at the 7442 Hendricks Street, Merrillville, IN address; no contact order with Jane Doe a/k/a A.L. All conditions of Supervised Release remain intact." By this directive, and consistent with the practice in this district, Judge Rodovich was incorporating the conditions of supervised release as conditions of the bond.

So those conditions continue to apply to Hathaway, although with different consequences for any violation. After the expiration of his term of supervised release, any new violations of the conditions previously imposed would now be a basis for

revocation of the bond, with Hathaway risking being remanded to custody pending the final revocation hearing and being penalized in the amount of $20,000. These ramifications are different from the ones that attend a violation during the term of supervised release, namely an additional term of imprisonment or additional time on supervised release.

That his supervised release conditions are still in force is doubtless not the answer Hathaway was hoping for when he filed the motion for clarification. The deferral of the final revocation hearing has occurred at the parties' request. If the calculus has changed for Hathaway, he is of course free to make a motion that the final revocation hearing be set and go forward.

ACCORDINGLY:

Defendant Hillard Hathaway's Motion to Clarify the Status of Supervised Release, Bond, and the Revocation Petition [DE 127] is GRANTED, and the status of Hathaway's case is clarified as set forth in this opinion.

SO ORDERED.

ENTERED:  November 18, 2022.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
